UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID RODY,

    Plaintiff,

v.                                  Case No. 8:09-cv-204-T-33TBM

PIERCE MANUFACTURING, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Renewed Motion to Approve Settlement Agreement and to Dismiss with Prejudice (the "Renewed Settlement Motion" Doc. # 18), which was filed on August 17, 2009. For the reasons that follow, the Court will approve the parties' settlement with modifications.

**Analysis**

Plaintiff, a laborer performing truck assembly, painting, and metal finishing, initiated this case on February 9, 2009, by filing a one-count complaint against Defendant, his employer, under the Fair Labor Standards Act. (Doc. # 1). Defendant filed an answer and affirmative defenses on March 10, 2009. (Doc. # 6). Thereafter, the Court entered its FLSA Scheduling Order. (Doc. # 9). Plaintiff filed his Answers to Court Interrogatories (Doc. # 11) on May 22, 2009, and Defendant filed its Verified Summary of Hours Worked (Doc. #

14) on June 15, 2009.[1]

On July, 27, 2009, Defendant filed a notice of settlement (Doc. # 15), and on August 7, 2009, the parties filed a motion for Court approval of their settlement (the "Initial Settlement Motion" Doc. # 16). The Court denied the Initial Settlement Motion on August 9, 2009, because under the terms of the settlement, Plaintiff would receive a total recovery of $5,500, and Plaintiff's attorneys would receive $8,000. (Doc. # 17 at 2). In its Order denying the Initial Settlement Motion, the Court noted: "[T]his appears to have been a routine and very simple case to litigate. The Court does not understand how it is that with a total recovery of $5,500 that Plaintiff's attorneys are entitled to a fee of $8,000. That number, under these circumstances, appears excessive." (Doc. # 17 at 2).

On August 17, 2009, the parties filed the Renewed Settlement Motion (Doc. # 18) and on August 18, 2009, Plaintiff filed a statement of itemized fees and costs (the "Fee Ledger" Doc. # 21). Since receiving the Court's Order denying the Initial Settlement Motion, Plaintiff's attorneys

---

[1] No other relevant case activity is revealed on the docket. The parties did not file dispositive motions or participate in any hearings.

have not reduced the fees and costs requested.  Instead, Plaintiff's attorneys have increased the amount requested by hundreds of dollars.  Specifically, Plaintiffs seek a total of $8,453.50, which is comprised of $8,062.50 in attorneys' fees and $391.00 in costs. (Doc. # 21).

The Court is not impressed by counsels' blase attitude toward the Court's pointed inquiry concerning the fees amassed in this simple FLSA case.  Counsel for Plaintiff submitted a thirteen-page Fee Ledger in connection with its prosecution of this case.  Under the heading "lawyer" Plaintiff's attorneys identified the following individuals: HA, IZ, TO, and GS.  The Court is able to identify "HA" as Hal Anderson, Esq., and is further able to identify "GS" as Gregg Shavitz, Esq., because these attorneys are counsel of record for Plaintiff in this case.  However, the Court has not been apprised of the identity of IZ and TO, labeled as "lawyers" on the Fee Ledger.

Further, Plaintiff's attorneys failed to provide a summary of the hours worked by each "lawyer" and failed to note the hourly rate charged by each "lawyer."  After performing mathematical computations, the Court determines that Plaintiff's attorneys request compensation at the following hourly rates: HA at $300, GS at $350, IZ at $100, and TO at $100.  Plaintiff's attorneys have not submitted any

3

information concerning their qualifications or experience in an effort to substantiate the fees requested.

The Court has evaluated the Fee Ledger and determines that attorneys Hal Anderson and Gregg Shavitz are requesting excessive hourly rates and that the lawyers of the firm have not used appropriate billing judgment. For example, on February 5, 2009, TO prepared the Civil Cover Sheet, and on February 6, 2009, HA reviewed the Civil Cover Sheet, and, once again, prepared the Civil Cover Sheet. (Doc. # 21-2 at 1-2). It appears that Plaintiff's attorneys are requesting roughly $100 for the preparation of the Civil Cover Sheet, a one-page form document. Furthermore, it appears that Plaintiff's attorneys over-billed for the hours associated with drafting the one-count FLSA complaint. Finally, Plaintiff's lawyers appear to be billing for purely clerical work, such as confirming FedEx deliveries and docketing.

This Court is duty-bound to scrutinize the attorneys' fees requested in this FLSA case as directed by the court in <u>Silva v. Miller</u>, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the

> parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

In this case, the Court finds it appropriate to approve the costs sought, which amount to $319, but to reduce the attorneys' fees sought by 30%. This Court is afforded broad discretion in addressing attorneys' fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer County, 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id. If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience

concerning reasonable and proper fees." <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

In reducing excessive fees, the Court may conduct an hour-by-hour analysis of the fees requested (excising excessive time when needed) or apply an across-the-board reduction of the fees sought. <u>Bivins v. Wrap It Up, Inc.</u>, 548 F.3d 1348, 1351 (11th Cir. 2008). In this case, the Court elects to reduce the fees by using an across-the-board method so as to avoid "pick and shovel work" as there are multiple attorneys involved in this case. <u>Winn v. Perdue</u>, 532 F.3d 1209, 1220 (11th Cir. 2008). See <u>St. Fleur v. City of Ft. Lauderdale</u>, 149 F. App'x 849, 853 (11th Cir. 2005)(per curiam)(approving across-the-board reduction of thirty percent where district court noted instances of duplicated efforts, excessive attorney meetings, and charges for administrative tasks).

After due consideration, the Court approves the parties' settlement agreement in all respects except that Plaintiff's attorneys are not entitled to $8,062.50 in attorneys' fees. The Court reduces the attorneys' fees sought by 30% to yield attorneys' fees in the amount of $5,643.75  Plaintiff's attorneys are entitled to $391 in costs.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

(1) The parties' Renewed Joint Motion to Approve Settlement Agreement (Doc. # 18) is **GRANTED** as modified above.

(2) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of October 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record